This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 34,390**

**MIKE BACA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

**{1}**     Defendant, Mike Baca, appeals his conviction for driving while under the

influence of an intoxicating liquor. We issued a notice of proposed summary disposition proposing to affirm on April 21, 2015. Defendant filed a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**DISCUSSION**

{2}     In his memorandum in opposition, Defendant continues to argue that the State failed to show that reasonable suspicion existed to stop him for a violation of NMSA 1978, Section 66-7-349(A) (1999). [MIO 12-16] Section 66-7-349(A) provides:

> Upon any highway outside of a business or residence district, no person shall stop, park or leave standing a vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park or leave the vehicle off such part of the highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon the highway.

The district court entered a memorandum opinion in Defendant's on-record appeal addressing this same issue. [RP 95-102] In our notice of proposed summary disposition, we proposed to agree with the district court's analysis and its determination that reasonable suspicion to stop Defendant for a violation of Section 66-7-349(A) was established by the officer's testimony that Defendant was parked on a well traveled highway, it was practicable for him to pull off the entire highway, the area was outside of a business or residential district, and the officer believed that other

2

cars would have to travel into the westbound lane to avoid colliding with Defendant's vehicle. [RP 101]

{3}    We understand Defendant to make two arguments in his memorandum in opposition. First, Defendant argues that the officer made a mistake of law as to whether the statute applied to the area where Defendant was stopped, and such of mistake of law cannot serve as the basis for reasonable suspicion. [MIO 11-19] Specifically, Defendant argues that the road on which Defendant was parked was a city street, and, therefore, Defendant's car was not on a "portion of highway outside a business or residence district." [MIO 14-15] We reject this argument, however, because the trial court made a factual finding that the area where Defendant was stopped was outside of a business or residential district. [RP 101] This appears to have been adequately supported by the testimony of the arresting officer, Deputy Perez, describing the area. [RP 96] We note that Defendant cites to other evidence that suggests the area in question was in fact a residential and/or business area. [MIO 14-15] However, we review the district court's factual findings for substantial evidence. *See State v. Aguilar*, 2007-NMCA-040, ¶ 6, 141 N.M. 364, 155 P.3d 769 (stating that on appellate review of the metropolitan court's denial of a motion to suppress, we give deference to the metropolitan court's factual findings and review the determination of reasonable suspicion de novo); *see also State v. Williams*, 2006-NMCA-062, ¶ 6,

139 N.M. 578, 136 P.3d 579 (stating that on appellate review of a denial of a motion to suppress we review the facts under a substantial evidence standard in a manner most favorable to the prevailing party). The question is whether the trial court's "decision is supported by substantial evidence, not whether the [trial] court could have reached a different conclusion." *In re Ernesto M., Jr.,* 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318.

{4}    We also understand Defendant to argue that he was only slightly parked in the traffic lane, and the legislature did not intend to criminalize such a minimal intrusion into the traffic lane. [MIO 15-16] Defendant therefore argues that Deputy Perez made a mistake of law as to whether Section 66-7-349(A) applied to his parking. [MIO 15-16] Defendant made this same argument in district court, and in our notice of proposed summary disposition, we proposed to adopt that portion of the district court's opinion analyzing this issue. Defendant has not persuaded us in his memorandum in opposition that the district court's analysis of this issue was incorrect, and we therefore affirm. Since we hold that reasonable suspicion existed to stop Defendant for a violation of Section 66-7-349(A), we do not reach Defendant's argument that Deputy Perez was not acting as a community caretaker when he stopped Defendant. [MIO19-20]

{5}    Finally, Defendant continues to argue that he was subjected to a pretextual

4

traffic stop. [MIO 20-22] Again, the district court entered a memorandum opinion addressing this same issue. [RP 102-106] In our notice of proposed summary disposition we proposed to agree with its conclusion that Defendant failed to show under the totality of the circumstances that the stop was pretextual. *See State v. Ochoa*, 2009-NMCA-002, ¶ 40, 146 N.M. 32, 206 P.3d 143 (holding that, where reasonable suspicion exists to support a stop, to establish that the stop was pretextual the defendant has the burden to show that, under the totality of the circumstances, there was an unrelated motive for the stop that was not supported by reasonable suspicion). Nothing in Defendant's memorandum in opposition persuades us that the district court's analysis of this issue was incorrect. We therefore adopt that portion of its opinion addressing this issue.

{6}     For these reasons, we affirm the metropolitan court's sentencing order.

{7}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**



_____
**MICHAEL D. BUSTAMANTE, Judge**